```
                IN THE UNITED STATES DISTRICT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANDRE CREAIG, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 17-5368 (JBS-KMW) |
| v. | |
| COURIER POST, INC., | **MEMORANDUM OPINION** |
| Defendant(s) | |

**SIMANDLE, District Judge:**

Plaintiff Andrew Creaig has filed this suit against Defendant Courier Post, Inc., local news media for Camden, New Jersey, alleging that Defendant Courier Post libeled him in an article in September 2011, by reporting that he was charged with a crime of first degree assault with a deadly weapon, and that those charges had been dropped. He alleges that the article was false and resulted in defamation and libel. His Complaint alleges this Court has jurisdiction because he claims a civil rights violation under 42 U.S.C. § 1983.

Mr. Creaig is presently confined at South Woods State Prison. He seeks to proceed *in forma pauperis* under 28 U.S.C. § 1983. His Affidavit of Poverty establishes that he is unable to afford the filing fee, and his application will be granted.

Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in the accompanying Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of

the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid.

Turning to the merits, the Court is required to dismiss any case which lacks subject matter jurisdiction. See Rule 12(h)(3), Federal Rules of Civil Procedure. This Court is a court of limited jurisdiction. Plaintiff's Complaint does not challenge his conditions of confinement or suggest that any state actor or governmental official has deprived him of his federal civil rights under the Constitution or laws of the United States. At most, Plaintiff alleges that a private party, the Defendant Courier Post, has libeled him in a news article. Libel is a tort, governed by New Jersey law in this instance, and is not a constitutional right arising under the United States Constitution or the laws of the United States. Accordingly, this Court lacks subject matter jurisdiction under 42 U.S.C. § 1983.

The Court has also considered whether there might be an alternative source of jurisdiction available. For instance, this Court can exercise jurisdiction under 28 U.S.C. § 1332 where the plaintiff and defendant are citizens of different states and where the matter in dispute exceeds $75,000. It does not appear that

jurisdiction based on diversity of citizenship exists in this case either, because Plaintiff Creaig is a New Jersey citizen and the Defendant Courier Post, Inc., has its principal place of business in New Jersey.  Therefore, any amendment of the pleading to assert subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) would also be futile.[1]

Accordingly, this case must be dismissed without prejudice, for lack of subject matter jurisdiction.  This Court does not have the power to determine, as between non-diverse parties, whether there has been a violation of state law in the absence of some other basis of federal jurisdiction.

The accompanying Order will be entered.

**November 1, 2017**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge

---

[1] Even if this Court had diversity jurisdiction over this claim for libel, it appears that the complaint, claiming that the Defendant Courier Post published false news articles in September of 2011, is time-barred.  A suit for libel in New Jersey is subject to a one-year statute of limitations, see N.J.S.A. 2A:14-3.  This means that any such claim for libel from the September 2011 news coverage had to be filed within one year of the publication. N.J.S.A. 2A:14-3.  The present complaint was not submitted to the Clerk of Court until July 18, 2017, and received on July 24, 2017, almost five years too late.  Thus, even if this Court had jurisdiction, it would have to dismiss this claim as barred by the statute of limitations.  Where a prisoner's complaint filed in forma pauperis fails to state a claim on which relief may be granted, it is subject to dismissal at this screening stage by virtue of 28 U.S.C. § 1915(e)(2)(B)(ii).